**KARCHER ENVIRONMENTAL,
INC., Appellant,**

v.

**William J. HENDERSON, Postmaster
General, United States Postal
Service, Appellee.**

**No. 00–1426.**

United States Court of Appeals,
Federal Circuit.

July 13, 2001.

Before LOURIE, RADER, and
GAJARSA, Circuit Judges.

## DECISION

LOURIE, Circuit Judge.

Karcher Environmental, Inc. appeals from the decision of the United States Postal Service Board of Contract Appeals determining that Karcher was entitled to receive $59,124 as compensation for removing fireproofing from insulated duct and pipe. *Karcher Envtl., Inc.*, PSBCA Nos. 4085, 4093, 4282, slip op. at 12, 2000 WL 348318 (Mar. 13, 2000). Because the Board's rejection of Karcher's claim for additional compensation is not fraudulent, arbitrary, or capricious, and is supported by substantial evidence, we *affirm.*

## DISCUSSION

Karcher was awarded a contract for asbestos abatement at the main post office in Chula Vista, California. *Id.* at 8. The contract provided that the unit price for "[r]emoval and disposal of fireproofing per square foot" was $13.00. *Id.* After beginning the work, Karcher encountered a differing site condition—the presence of fireproofing sprayed under the insulation in the pipe duct ("overspray")—which required additional delays and costs. *Id.* at 9. Karcher submitted a request for an equitable adjustment of $370,448 for those costs, based on an initial United States Postal Service estimate that the building contained a total of 28,496 square feet of insulated duct and pipe. *Id.* at 10. The contracting officer denied the request, explaining that Karcher should have anticipated the overspray. The contracting officer later revised that decision and allowed Karcher's claim, but only to the extent that it calculated that Karcher had actually removed overspray. That calculation was performed by a Postal Service consultant, Woodward–Clyde, which determined that the initial estimate of total footage of duct and pipe was overstated because it includ-

ed both insulated and uninsulated pipe, and only insulated pipe was at issue. *Id.* In addition, Woodward–Clyde determined that not all of the insulated pipe and duct had overspray. *Id.* at 11. Based on those determinations, the contracting officer found that Karcher had removed a total of 4,548 square feet of overspray, which, when multiplied by the unit price of $13, entitled Karcher to $59,124 in additional compensation. *Id.* at 12. Karcher appeals from that determination; we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(10) (1994).

Karcher argues on appeal that it abated 2,327 square feet of pipe and 11,187 square feet of duct, for a total of 13,514 square feet, which would entitle it to receive $175,682 based on the unit price of $13. It asserts that the contract requires that the Postal Service compensate it on a unit basis regardless of the density of the overspray, and that the Board improperly discounted the true square footage based on the density of the overspray to arrive at the smaller figure of 4,548 square feet.

The standard under which we review a decision of the Board is dictated by the Contract Disputes Act, 41 U.S.C. § 609(b). Under that standard, we review a fact-finding of the Board to determine if it is "fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." 41 U.S.C. § 609(b) (1994); *Am. Elec. Labs., Inc. v. United States,* 775 F.2d 1110, 1112 (Fed.Cir.1985).

 We agree with the Postal Service that Karcher is not entitled to additional compensation. Although it is true that Karcher should be paid based on a unit price for its overspray abatement, Karcher made no effort to independently evaluate how much of the 13,514 square feet of duct and pipe was actually covered by overspray and therefore abated. Rather, it relied on the testimony of its job supervisor that all of the insulated pipe and most of the duct had overspray. The Board considered that testimony, but chose to credit the Postal Service's evidence that only 4,548 of the 13,514 square feet of insulated duct and pipe had overspray. The Postal Service's consultant even explained that when he assigned the percentages of overspray to particular areas, he used liberal figures in favor of the contractor. The Board's credibility determinations are "virtually unreviewable." *Hambsch v. Dep't of the Treasury,* 796 F.2d, 430, 436 (Fed.Cir.1986).

Furthermore, we cannot say that the Board erred by construing the contract as requiring unit compensation only for areas that were actually abated and determining Karcher's compensation accordingly. Because the Board's decision is supported by substantial evidence, and is not fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, we affirm.